| | |
|---|---|
| MARY CALDWELL, Personally and as Administrator of the Estate of the Deceased, RONALD CALDWELL<br><br>Plaintiff,<br><br>v.<br><br>ACCORDIUS HEALTH AT WINSTON-SALEM LLC, ACCORDIUS HEALTH LLC, THE PORTOPICCOLO GROUP LLC, SIMCHA HYMAN,<br><br>Defendants. | **COMPLAINT** |

NOW COMES the plaintiff, MARY CALDWELL by and through her counsel, THE SCHWABA LAW FIRM, and, complaining of defendants, hereby alleges and avers as follows:

## INTRODUCTION

1. Plaintiff's Decedent, Ronald Caldwell, was a resident of Defendants' nursing home who developed bedsores and Fournier's Gangrene, ultimately causing his death. Defendant's failure to provide proper staffing levels, neglect, abuse and administrative negligence in hiring, training, maintenance and support for its nursing staff caused the Plaintiff to be neglected and abused while in their care, resulting in his development of the aforementioned bedsores and Fournier's Gangrene ultimately causing his death.

-1-

## PARTIES

2. At all times relevant, the Plaintiff's Decedent, Ronald Caldwell, was a resident of Winston-Salem, Forsyth County, North Carolina.

3. At all times relevant, the plaintiff, Mary Caldwell, is a resident of Winston-Salem, Forsyth County, North Carolina, was the wife of the Plaintiff-Decedent, and is the duly appointed administrator of the estate of Ronald Caldwell, by the Clerk of the Superior Court of Forsyth County.

4. At all times relevant, Defendants Accordius Health at Winston-Salem LLC, was a limited liability company that owned, operated and managed a nursing home facility for the elderly and disabled with a principal office of 980 Sylvan Avenue, Englewood Cliffs, New Jersey and who owned and operated a skilled nursing facility located at 4911 Brian Center Lane, Winston-Salem, North Carolina 27106, now known as Mill Creek Center for Nursing and Rehabilitation, and whose chief executive officer is Simcha Hyman and whose registered agent for service of process in North Carolina is Corporate Creations Network Inc. located at 15720 Brixham Hill Avenue #300, Charlotte, North Carolina 28277. The Plaintiff's Decedent, Ronald Caldwell, resided at the Accordius Health skilled nursing facility at 4911 Brian Center Lane in Winston-Salem, North Carolina for approximately one month before his ultimate demise.

5. At all times relevant, Defendants Accordius Health LLC, is a limited liability company that owned operated and managed a nursing home facility for the elderly and disabled with a principal office of 980 Sylvan Avenue, Englewood Cliffs, New Jersey and who owned and operated a skilled nursing facility located at 4911 Brian Center Lane,

Winston-Salem, North Carolina 27106, now known as Mill Creek Center for Nursing and Rehabilitation, and whose chief executive officer is Simcha Hyman and whose registered agent for service of process in North Carolina is Corporate Creations Network Inc. located at 15720 Brixham Hill Avenue #300, Charlotte, North Carolina 28277. The Plaintiff's Decedent, Ronald Caldwell, resided at the Accordius Health skilled nursing facility at 4911 Brian Center Lane in Winston-Salem, North Carolina for approximately one month before his ultimate demise.

6. At all times relevant, The PortoPiccolo Group LLC is a private equity limited liability company registered in the state of New Jersey, with a principal place of business at 980 Sylvan Avenue, Englewood Cliffs, New Jersey and upon information and belief is owned by Defendant Simcha Hyman. Upon information and belief, The PortoPiccolo Group LLC owned and operated Accordius Health at Winston-Salem LLC and was the owner, operator and manager of Accordius Health at Winston-Salem LLC, now known as Mill Creek Center for Nursing and Rehabilitation, which included owning, operating, hiring, training, overseeing and managing staff and staffing levels at the Accordius Health nursing home facility at 4911 Brian Center Lane in Winston-Salem, North Carolina.

7. The PortoPiccolo Group LLC controls key aspects of the Accordius nursing homes, including Accordius Health at Winston-Salem, LLC now known as Mill Creek Nursing and Rehabilitation Center including a) setting wage and pay scales for workers; b) hiring staff and contract labor; c) budgeting; d) accounting for revenues, expenses, profits and losses, and e) prepaing and instructing facilities in PortoPiccolo's nursing home chain as to contracts, forms, policies and procedures. PortoPiccolo was directly

–3–

and materially involved in making and implementing the staffing and supply decisions that gave rise to this action.

8. At all times relevant, Simcha Hyman is the owner of The PortoPiccolo Group LLC with a principal place of business at 980 Sylvan Avenue, Englewood Cliffs, New Jersey. Upon information and belief, Simcha Hyman is also the Chief Executive Officer of Accordius Health at Winston-Salem LLC and Accordius Health LLC and whose responsibilities included owning, operating, hiring, training, overseeing and managing staff and staffing levels at the Accordius Health nursing home facility at 4911 Brian Center Lane in Winston-Salem, North Carolina, now known as Mill Creek Center for Nursing and Rehabilitation.

9. This court has jurisdiction over the parties as all parties have substantial contacts with the State of North Carolina and otherwise meet the criteria for personal jurisdiction.

## FACTS

10. In August and September of 2021, Plaintiff-Decedent was a resident of Accordius Health at Winston-Salem LLC's nursing home at 4911 Brian Center Lane in Winston-Salem, North Carolina where he required constant supervision and assistance with nursing services, including turning over, moving, rising from his bed, changing his linens, and washing/bathing. Defendants, by accepting the Plaintiff-Decedent as a resident and patient of the facility, Defendants agreed to provide nursing services to him, including, but not limited to, assisting the Plaintiff-Decedent with turning over, moving, rising from his bed, changing his linens, and washing/bathing him. In the days leading up

—4—

to and before September 30, 2021, Plaintiff-Decedent, was neglected by Defendants, ultimately causing his death.

11. The Plaintiff has been damaged on account of the negligence of the defendant in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) by reason of their injuries, pain and suffering, including permanent injury, as alleged more fully below.

## I. FIRST CLAIM FOR RELIEF
### (Ordinary and Corporate Negligence)

12. Plaintiffs realleged and incorporate by reference paragraphs 1-11 above as though more fully set forth herein.

13. At all times material herein, Defendants as the owner, operator, manager of Accordius Health of Winston-Salem Mill Creek Nursing and Rehabilitation Center had a duty to own, manage and operate the nursing home at 4911 Brian Center Lane in a manner that reasonably promoted Ronald Caldwell's safety and well-being.

14. At all times material hereto, Plaintiff's injuries and ultimate demise were caused, in whole or in part, by Defendants failure to use reasonable care and diligence in the management and administration of the Accordius Nursing home. Specifically, Defendants were negligent in the following and other respects:

    a. Failed to properly train its staff

    b. Failed to have sufficient staff on duty;

    c. Failed to institute appropriate policies and procedures;

    d. Failed to hire a competent administrator;

–5–

e. Failed to ensure that its administrator was properly trained;

f. Failed to properly supervise its staff;

g. Failed to ensure staff competency;

h. Failed to ensure compliance with North Carolina regulations;

i. Failed to ensure that staff were following internal policies and procedures;

j. Failed to adequately budget resources for the proper and appropriate levels of staff;

k. Failed to ensure the safety of Ronald Caldwell;

l. Failed to appropriately and timely communicate with Ronald Caldwell's family;

m. Failed to appropriately and timely communicate with Ronald Caldwell's physicians.

15. In addition to its common law duties, Defendant failed to comply with North Carolina laws and regulations. Specifically, Defendants failed to comply with the following sections of 10A NCAC 13F: .0501, .0508, .0602, .0604, .0605, .0901, .0902, .0903, 0909, 1211, .1212, .1801. In addition, Defendants failed to comply with G.S. 131D-21.

16. As a direct and proximate result of the above-described negligence of Defendants, Ronald Caldwell suffered severe injuries which caused great physical pain and suffering, damaged him in other respects, and was a proximate cause of his death.

## SECOND CAUSE OF ACTION

### Medical Negligence – All Defendants

17. Plaintiffs realleged and incorporate by reference paragraphs 1-16 above as

–6–

though more fully set forth herein.

18. In providing nursing care to Ronald Caldwell, Defendants failed to a) use their best judgment in the treatment and care of Ronald Caldwell; b) to use reasonable care and diligence in the application of their knowledge and skill to Ronald Caldwell's care, and c) to provide nursing care in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time the health care was rendered to Ronald Caldwell.

19. Specifically, Defendants negligently, carelessly and recklessly a) failed to adequately turn over, move, assist with rising from his bed, change his linens, and wash/bath Ronald Caldwell to prevent bedsores, gangrene and/or other infection from occurring; b) failed to monitor, inspect, review and identify bedsores, gangrene and/or other dangerous infection on Ronald Caldwell; c) failed to recognize, identify, attend, treat and provide care to bedsores, gangrene and/or other dangerous infection; d) failed to timely refer, communicate, transfer and/or send Ronald Caldwell to appropriate medical care providers including nurse practitioners, physicians and/or hospitals for adequate care to properly treat bedsores, gangrene and/or other dangerous infection.

20. As a direct and proximate result of the above-described joint and several negligence of Defendants, Ronald Caldwell suffered injuries to his person and such injuries were a proximate cause of great physical pain and suffering, and proximate cause of his death.

21. The negligent acts and omissions of Defendants, jointly and severally, as

herein alleged were a direct and proximate cause of Ronald Caldwell experiencing conscious pain and suffering and mental and physical pain and suffering. In addition, the negligent acts and omissions of Defendants jointly and severally, was a proximate cause of Ronald Caldwell's death.

22. Plaintiff is thereby entitled to all damages allowed by N.C. G.S. 28A-18-2(b) in an amount in excess of $25,000.00.

23. In the alternative, and in the event it is determined that Ronald Caldwell's death was not caused by the negligent acts of Defendants, then Plaintiff asserts a survival claim against Defendants and is entitled to all those damages that Ronald Caldwell could have recovered against Defendants had he lived all in an amount in excess of $25,000.00.

### III. DAMAGES

24. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 23 hereinabove as though fully set forth herein.

25. As a direct and proximate result of the fall alleged herein the Plaintiff-Decedent required extensive treatment by physicians, hospitals and other medical treatment. The Plaintiff-Decedent suffered, serious, painful, injuries; pain on account of his injuries which resulted in the ultimate death of the Plaintiff-Decedent.

26. The Defendants' failures which proximately caused the Plaintiff-Decedent's death, were committed in reckless disregard of the rights of the Plaintiff-Decedent and/or were grossly negligent.

27. Defendants have a history of operating nursing homes in violation of the common law rights of its residents as well as in violation of state regulations. As a result

—8—

of those violations, numerous residents of nursing homes owned and operated by Defendants The PortoPiccolo Group LLC, Accordius Health LLC and Simcha Hyman, including residents of Accordius Health of Winston-Salem LLC nursing home at 4911 Brian Center Lane in Winston-Salem North Carolina have sustained serious and debilitating injuries and/or have died.

28. Defendants have engaged in an extended pattern and practice of engaging in conduct that has caused residents of nursing homes in the State of North Carolina to be abused and/or neglected which has resulted in many residents sustaining serious bodily injury and/or death. Said pattern and practice constitutes a consistent, wilful, wanton and reckless disregard for the rights and safety of the residents of Accordius Health of Winston-Salem LLC and Mill Creek Nursing and Rehabilitation Center at 4911 Brian Center Lane in Winston-Salem North Carolina, including Ronald Caldwell, and such conduct was reasonably likely to result in injury and/or death to residents of Accordius Health of Winston-Salem LLC and Mill Creek Nursing and Rehabilitation Center at 4911 Brian Center Lane in Winston-Salem North Carolina and in fact did result in injury and death of Ronald Caldwell.

29. As a result of the wilful, wanton and reckless conduct and omissions of the Defendants, Defendants are liable to Plaintiff for punitive damages in an amount to be determined by a jury, in an amount in excess of $25,000.00

**WHEREFORE**, Plaintiff prays the Court as follows:

1. That she have and recover from the defendants, jointly and severally, a sum in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) as general and compensatory damages;

–9–

2. That the Plaintiff have and recover judgment from the Defendants, jointly and severally, in an amount in excess of $25,000.00 for all damages allowed by N.C. G.S. 28A-18-2(b);

3. That, alternatively, Plaintiff have and recover judgment against Defendants, jointly and severally, in an amount in excess of $25,000.00 for all damages Ronald Caldwell could have recovered from Defendants had he lived.

4. That Plaintiff have and recover punitive damages from Defendants, jointly and severally in an amount in excess of $25,000.00.

5. That the costs of this action be taxed to the defendants;

6. That the Plaintiff receive prejudgment interest from Defendants, jointly and severally, as of the date of filing of this Complaint, pursuant to N.C. G.S. 24-5(b); and

7. For such other and further relief as the Court deems just and proper.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY.**

Dated this 27th day of September 2023.

SCHWABA LAW FIRM

ANDREW J. SCHWABA
NC State Bar No. 36455
Attorney for Plaintiff
212 South Tryon Street
Suite 1725
Charlotte, North Carolina 28281
Telephone: (704) 370-0220
Facsimile: (704) 370-0210
